<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| GALLANT DILL and CHASE CLINE, | : <br> : <br> : **Civil Action No. 22-6116 (SRC)** <br> Plaintiffs,   : <br> : <br> v.   : **OPINION & ORDER** <br> : <br> JARED YELLIN, CILA LABS, LLC et al.,   : <br> : <br> Defendants.   : <br> : <br> : |

**<u>CHESLER</u>**, <u>District Judge</u>

This matter comes before the Court on the motion to dismiss the Amended Complaint, and the motion to strike paragraphs 137, 147 and 167 in the Amended Complaint, by Defendants CILA Incubator Private Limited, CILA Labs, LLC ("CILA"), Project 10K, LLC, and Jared Yellin ("Yellin") (collectively, "Defendants.") Plaintiffs Gallant Dill and Chase Cline have opposed the motion. For the reasons expressed below, the Court will grant the motion to strike, and grant in part the motion to dismiss.

This case arises from a dispute between the parties to a business-to-business development venture, with Plaintiffs as the operators of a business seeking development assistance, and Defendants as the operators of a business seeking to assist businesses with development. The Amended Complaint alleges two relevant operative agreements between Plaintiffs and Defendants. The Amended Complaint asserts thirteen claims. Defendants now move to dismiss the Amended Complaint as a whole, and also move to dismiss ten of those thirteen claims.

Defendants first argue that the Amended Complaint must be dismissed because, in one of the operative agreements, the Termination Agreement, Plaintiffs contractually agreed to release all claims. Plaintiffs, in opposition, argue that the Termination Agreement was procured through fraud and is invalid. This dispute cannot be resolved on a motion to dismiss pursuant to Rule 12(b)(6), as it does not turn on issues of the legal sufficiency of the pleadings. Instead, it is a matter for adjudication at summary judgment or trial. As to the motion to dismiss the Amended Complaint on the basis of release, the motion to dismiss will be denied.

Defendants move to dismiss Count I, for fraud, on several grounds, first arguing that it must be dismissed under the economic loss doctrine, then challenging the sufficiency of the factual allegations in support of the legal theory of fraud. The Court agrees with Defendants that the factual allegations stated in Count I are legally insufficient to support the fraud claim. Although Defendants make no reference to the pleading standards of Iqbal or the requirements of Federal Rule of Civil Procedure 9(b), Count I on its face fails to meet the legal requirements to state a valid claim under Rule 12(b)(6).

To meet the pleading requirements of Rule 8(a), a complaint must contain "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Rule 9(b), which applies to claims sounding in fraud, sets a heightened requirement: the complaint must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Third Circuit has held

2

that to satisfy Rule 9(b)'s stringent standard, "the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007).

The New Jersey Supreme Court has held that, under New Jersey law, a claim for common-law fraud has five elements:

> To establish common-law fraud, a plaintiff must prove: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages.

Banco Popular N. Am. v. Gandi, 184 N.J. 161, 172-73 (2005). Count I does not plead sufficient facts to make plausible inferences that every element has been pled. Count I pleads that costs ultimately exceeded the initially stated price, which does not support the inference that Defendants made a misrepresentation of a presently existing or past fact. Nor does Count I plead any facts that support the inference that CILA or Yellin knew that the cost estimate was false at the time it was made, and so forth. Count I fails to allege sufficient facts to state a claim for fraud that is plausible on its face. Moreover, although Defendants did not raise Rule 9(b), it is evident that Count I does not meet the particularity requirements of Rule 9(b). As to Count I, the motion to dismiss will be granted.

Defendants next argue that Count II, for fraud in the inducement, lacks a factual basis to support the claim for fraud in the inducement. The Court agrees that, on its face, Count II does not make factual allegations sufficient to make plausible a claim for fraudulent inducement of the Termination Agreement, nor any other agreement. The Court cannot discern from the text of Count II what fraudulent conduct is alleged and what agreement that conduct is alleged to have induced. Furthermore, the legal principles discussed with regard to Count I are relevant here: the

3

Court does not discern factual support for any allegation that Defendants knowingly made a misrepresentation of an existing fact for the purpose of inducing Plaintiffs to enter a contract, nor have the requirements of Rule 9(b) been met. Nor do the allegations make plausible the inference that Defendants made representations of future action with no intention of performing in accordance. As to Count II, the motion to dismiss will be granted.

Defendants next contend that Count III, for breach of fiduciary duty against Defendants Yellin and CILA, fails to state a claim because it fails to allege a fiduciary duty. The Court agrees: Count III makes only conclusory statements that Defendants had a fiduciary duty to Plaintiffs, but does not allege sufficient facts to make that inference plausible. As to Count III, the motion to dismiss will be granted.

Defendants next contend that Count IV, for breach of fiduciary duty against Defendant Project 10K, LLC, fails to state a claim because it fails to allege a fiduciary duty. For the same reasons stated for Count III, as to Count IV, the motion to dismiss will be granted.

Defendants next contend that Count V, for breach of contract against Defendants Yellin and CILA, fails to state a claim against Yellin because Yellin is not a party to the contract in his individual capacity. In opposition, Plaintiffs argue that Yellin may be found individually liable under an alter ego theory, but Count V does not state an alter ego theory of liability. As to Count V against Yellin only, the motion to dismiss will be granted.

Defendants next contend that Count VI, for promissory estoppel against Yellin and CILA, fails to state a claim against Yellin because it fails to allege that Yellin made a promise to Defendants. This argument is unpersuasive, because paragraphs 203, 204, and 205 allege facts

which make plausible that Yellin made specific promises to Defendants. As to Count VI, the motion to dismiss will be denied.

Defendants next contend that Count VII, for negligent misrepresentation against Yellin and CILA, fails to state a claim because: 1) the claim fails to plead the necessary duty of care; and 2) the economic loss doctrine bars the claim. Plaintiffs, in opposition to the duty of care argument, contend that Count VII alleges that the parties were in business together, which gives rise to the requisite duty. Plaintiffs cite no authority in support of this assertion but, even if it is a correct statement of New Jersey law, the argument fails because it is contrary to the facts as pled: Count VII alleges that the fraudulent statements were made to induce Plaintiffs to enter the business agreements, not that they were made between parties to an existing business agreement, as Plaintiffs state in opposition. Count VII neither expressly pleads a duty of care nor alleges sufficient facts from which a pre-contractual duty of care may be inferred. To the extent that Plaintiffs intended Count VII to assert a claim for negligent misrepresentation which arose after the agreement was entered, as they contend in opposition, the claim in the Amended Complaint as drafted alleges contrary facts. Count VII fails to sufficiently allege all essential elements of a negligent misrepresentation claim under New Jersey law. As to Count VII, the motion to dismiss will be granted.

Defendants next contend that Count X, for breach of contract against Defendants CILA India and Project 10K, fails to state a claim because the Amended Complaint fails to allege that these two Defendants were parties to any contract with Plaintiffs. Plaintiffs, in opposition, argue that CILA India and Project 10K are alter egos of contracting entities. Count X says nothing

about alter egos and alleges no facts in support of an alter ego theory. As to Count X, the motion to dismiss will be granted.

Defendants next contend that Count XI, for breach of the implied covenant of good faith and fair dealing against Defendants CILA and Yellin, fails to state a claim against Yellin because the Amended Complaint fails to allege that Yellin was a party to any contract with Plaintiffs. This has already been discussed in relation to Count V. As to Count XI against Defendant Yellin only, the motion to dismiss will be granted.

Defendants next contend that Count XII, for breach of the implied covenant of good faith and fair dealing against Defendants CILA India and Project 10K, fails to state a claim because the Amended Complaint fails to allege that these two Defendants were parties to any contract with Plaintiffs. This has already been discussed in relation to Count X. As to Count XII, the motion to dismiss will be granted.

Last, Defendants contend that the demand for punitive damages should be dismissed for failure to allege "actual malice" or "wanton and willful disregard," as required by New Jersey's Punitive Damages Act. Plaintiffs, in opposition, fail to point to allegations of actual malice or wanton disregard in the Amended Complaint. As to the demand for punitive damages, the motion to dismiss will be granted.

Defendants ask this Court to dismiss the claims at issue with prejudice. The Supreme Court has characterized dismissal with prejudice as a "harsh remedy." New York v. Hill, 528 U.S. 110, 118 (2000). Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile. "When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that

6

he has leave to amend within a set period of time, unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); see also Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 217 (3d Cir. 2013) ("It does not matter whether or not a plaintiff seeks leave to amend.")

This Court must therefore consider the question of whether Plaintiffs should be granted leave to replead the dismissed claims, or whether amendment would be inequitable or futile. Defendants' opening brief did not argue that amendment would be inequitable or futile and thereby waived that argument. Anspach v. City of Philadelphia, 503 F.3d 256, 258 n.1 (3d Cir. 2007) ("failure to raise an argument in one's opening brief waives it.") To the extent that this Court has determined that various claims will be dismissed pursuant to Defendants' motion, those claims will be dismissed without prejudice and Plaintiffs shall be granted leave to replead them.

The Court expects that the repleaded claims will each allege sufficient specific facts to make plausible the inference that Defendants are liable for the misconduct alleged, rather than providing only vague or general allusions to a lengthy narrative preface. Plaintiffs should focus on providing a factual foundation for each required element of the various causes of action. Particular care should be taken with the fraud claims to ensure that "fraud" is understood according to its specific meaning under New Jersey law, rather than as a catch-all term for varied injuries. Plaintiffs would also do well to anticipate that Defendants may be in a better position, on the next motion to dismiss, to persuasively argue that further repleading would be futile, if the factual foundation for the claims continues to be so deficient.

Defendants' motion to dismiss is granted in part and denied in part. As to Counts I through V, VII, and X through XII, and the demand for punitive damages, these Counts in the Amended Complaint are dismissed without prejudice. Plaintiff is granted leave to replead these claims within 30 days of the date of entry of this Opinion and Order. As to the remaining claims at issue, the motion to dismiss is denied.

Defendants also move to strike paragraphs 137, 147 and 167 in the Amended Complaint as irrelevant, serving only to harass Plaintiffs. Plaintiffs, in opposition, fail to demonstrate that these paragraphs are indeed relevant to any claims. The motion to strike to strike paragraphs 137, 147 and 167 in the Amended Complaint will be granted.

For these reasons,

**IT IS** on this 8th day of March, 2023

**ORDERED** that Defendants' motion to dismiss (Docket Entry No. 7) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that, as to Counts I through V, VII, and X through XII, and the demand for punitive damages, Defendants' motion to dismiss (Docket Entry No. 7) is **GRANTED**, and Counts I through V, VII, and X through XII, and the demand for punitive damages, in the Amended Complaint are hereby **DISMISSED** without prejudice; and it is further

**ORDERED** that, as to the remaining claims at issue, Defendants' motion to dismiss (Docket Entry No. 7) is **DENIED**; and it is further

**ORDERED** that Plaintiff is granted leave to replead the dismissed counts within 30 days of the date of entry of this Opinion and Order; and it is further

**ORDERED** that Defendants' motion to strike paragraphs 137, 147 and 167 in the Amended Complaint (Docket Entry No. 7) is **GRANTED**, and the Court hereby **STRIKES** paragraphs 137, 147 and 167 in the Amended Complaint.

                                                                 s/ Stanley R. Chesler
                                                             STANLEY R. CHESLER
                                                             United States District Judge