**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| GALLANT DILL and CHASE CLINE, | Civil Action No. 22-6116 (SRC) |
| Plaintiffs, | |
| v. | **OPINION & ORDER** |
| JARED YELLIN, CILA LABS, LLC et al., | |
| Defendants. | |

**CHESLER**, District Judge

This matter comes before the Court on the motion to dismiss the Second Amended Complaint, and the motion to strike paragraphs 150, 161 and 252 in the Second Amended Complaint, by Defendants CILA Incubator Private Limited, CILA Labs, LLC ("CILA"), Project 10K, LLC, and Jared Yellin ("Yellin") (collectively, "Defendants.")  Plaintiffs Gallant Dill and Chase Cline have opposed the motion.  For the reasons expressed below, the Court will grant the motion to strike, and deny the motion to dismiss.

Defendants move to dismiss Count VII, for negligent misrepresentation against Yellin and CILA, on the ground that it is barred by the economic loss doctrine.  See Spring Motors Distribs. v. Ford Motor Co., 98 N.J. 555, 581 (1985) (stating the economic loss doctrine.) Defendants contend that Count VII is a claim for purely economic loss suffered as a result of breach of contractual duties.  As Plaintiff argues in opposition, Defendants have misread Count VII, which expressly states: "Defendants breached their duty by making these misrepresentations in an effort to get Plaintiffs *to enter into agreements* with them."  (Sec. Am. Compl. ¶ 322; italics

added.) This is plainly a theory about the circumstances of inducement to contract, not the breach of a contract. The economic loss doctrine neither applies to Count VII nor bars it. As Plaintiff states, Count VII is asserted in the alternative to its fraud in the inducement claim.

Previously, this Court granted Defendants' motion to strike paragraphs 137, 147 and 167 in the Amended Complaint as irrelevant. Defendants now contend that Plaintiff has reinserted these paragraphs into the Second Amended Complaint, where they are now paragraphs 150, 161 and 252. Defendants move again to strike the paragraphs as irrelevant and ask for an award of costs, pursuant to 28 U.S.C. § 1927, as a sanction for multiplying proceedings. The Court again grants the motion to strike; the paragraphs are no more relevant now than they were the first time around. The Court denies the motion for costs, as the effort that was required to renew the motion to strike was minimal.

For these reasons,

**IT IS** on this 23rd day of June, 2023

**ORDERED** that Defendants' motion to dismiss (Docket Entry No. 28) is **DENIED**; and it is further

**ORDERED** that Defendants' motion to strike paragraphs 150, 161 and 252 in the Second Amended Complaint (Docket Entry No. 28) is **GRANTED**, and the Court hereby **STRIKES** paragraphs 150, 161 and 252 in the Second Amended Complaint; and it is further

**ORDERED** that Defendants' motion to award costs, pursuant to 28 U.S.C. § 1927, as a sanction for multiplying proceedings (Docket Entry No. 28) is **DENIED**.

                                        s/ Stanley R. Chesler
                                        STANLEY R. CHESLER
                                        United States District Judge